THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELIAS PAOLI-TORRES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 19-1892 (ADC)<br>[Related to Crim. No. 12-002-1 (ADC)] |

**OPINION AND ORDER**

Pending before the Court is petitioner Elías Paoli-Torres's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. The Government opposed. **ECF No. 7**. For the ensuing reasons, the Court **DENIES** petitioner's motion.

**I.     Procedural History**

On January 4, 2012, a grand jury returned a one-count indictment charging petitioner with "possession of a firearm by a prohibited person (Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))." **Crim. No. 12-002, ECF No. 1**. On March 5, 2012, he pled guilty. **Crim. No. 12-002, ECF Nos. 18 and 19**. He was sentenced on June 8, 2012, to 87 months of imprisonment with a supervised release term of 36 months. **Crim. No. 12-002, ECF Nos. 35 and 36**. Petitioner appealed, and the First Circuit affirmed his sentence on September 6, 2013, upon finding that the Court's sentencing methodology was procedurally and substantively sound, and that the Court did not abuse its discretion by imposing the sentence. **Crim. No. 12-002, ECF Nos. 37 and 42**. On September 18, 2019, petitioner filed this § 2255 motion. **ECF No. 1**.

## II. Discussion

Petitioner moves to vacate his felon-in-possession conviction under 18 U.S.C. § 922(g)(1) and 924(a)(2) and "to dismiss the indictment" pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Id.* at 2200. Petitioner contends that his indictment charged that he knowingly possessed a firearm but not that he knew he was barred from possessing a firearm due to a prior felony conviction, in violation of his Fifth Amendment right to be charged by a grand jury. **ECF No. 1-1**. Petitioner also claims that the Court lacked jurisdiction to enter judgment against him because of the missing knowledge-of-the-prohibited-status element in his indictment. *Id.* The Government opposed contending that petitioner's claim is procedurally defaulted and that he waived the defects in the indictment when entering his guilty plea. **ECF No. 7**.

### a. Timeliness

Under § 2255, "[a] 1-year period of limitation shall apply to a motion under this section . . . ." *See* 28 U.S.C. § 2255(f). Where a petitioner is asserting that a right was made retroactive to cases on collateral review, the statute of limitations runs from the latest of ". . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." *See* 28 U.S.C. § 2255(f)(3).

Petitioner filed his motion to vacate on September 18, 2019. **ECF No. 1**. *Rehaif* was issued on June 21, 2019. Thus, petitioner's § 2255 motion is timely. *See United States v. Guardado*, 552 F. Supp. 3d 52, 54-55 (D. Mass. 2021) (performing same analysis but with § 2255 motion filed on June 22, 2020).

    *b. Jurisdiction*

Next, the Court addresses petitioner's challenge that the Court lacked jurisdiction to enter judgment against him because of the missing knowledge-of-his-prohibited-status element in his indictment. **ECF No. 1-1**. He believes that he was charged with an incomplete offense and thus posits that the indictment's failure to charge a federal crime is a jurisdictional error not subject to waiver even by a guilty plea. *Id.* (*citing United States v. Peter*, 310 F.3d 709, 713-14 (11th Cir. 2002)).

The Supreme Court and the First Circuit have already addressed and summarily dismissed similar jurisdictional arguments. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (explaining that defects in an indictment do not deprive the Court of its power to adjudicate a case); *United States v. Farmer*, 988 F.3d 55, 60-61 (1st Cir. 2021) (finding that "the government's failure to allege the scienter-of-status element in the indictment did not deprive the district court of jurisdiction"). Accordingly, petitioner's argument fails because the First Circuit has determined that such jurisdictional challenge is waived when a defendant pleads guilty to the charge. *See United States v. Lara*, 970 F.3d 68, 86 (1st Cir. 2020); *United States v. Burghardt*, 939 F.3d 397, 402 (1st Cir. 2019).

Since petitioner has not raised any new argument that provides a compelling reason to deviate from binding precedent, the Court finds that it had jurisdiction to accept petitioner's guilty plea and sentence him despite the purportedly deficient indictment. *See Guardado*, 552 F. Supp. 3d at 55-56 (dismissing defendant's identical jurisdictional argument because no compelling reason was provided to deviate from binding precedent).

   c. *Procedural Default*

Petitioner claims that the missing knowledge-of-the-prohibited-status element in the indictment is an error that violated his Fifth Amendment right to be charged by a grand jury, and that as such, the defect is not cured by his guilty plea. **ECF No. 1**.

In general, a claim that was not raised on appeal is procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner did not raise the issue that the government also needed to prove a knowledge-of-the-prohibited-status element or that Petitioner didn't know he was a felon on appeal, so it has been procedurally defaulted. Because petitioner has procedurally defaulted this claim by failing to raise it on appeal, petitioner must demonstrate cause and actual prejudice to raise it now. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).[1] The Court need not address the issue of cause to excuse procedural default because petitioner cannot make the necessary prejudice showing. *See United States v. Rodríguez*, 523 F. Supp. 3d 142,

---

[1] Petitioner could also assert actual innocence to excuse his procedural default but did not do so. Thus, this claim has been waived. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 239-40 (1st Cir. 2013) (holding that arguments not raised in an opening brief are waived).

146 (D. Mass. 2021) (addressing solely the actual prejudice element for excusing procedural default of *Rehaif* claim); *Riley*, 411 F. Supp. 3d at 184 (same).

To establish actual prejudice from the asserted violation of federal law, a petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). A petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). In the context of a guilty plea, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In *Greer v. United States*, the Supreme Court confirmed that petitioner has the burden to show "that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *United States v. Norris*, 21 F.4th 188, 200 (1st Cir. 2021) (*citing Greer*, 141 S. Ct. 2090, 2097 (2021)). The Supreme Court held that "demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: convicted felons typically know they're convicted felons." *Greer*, 141 S. Ct. at 2098.

At the change-of-plea hearing, Petitioner exhibited that he knew that he was, in fact, a felon. **Crim. No. 12-002, ECF No. 40 at 7-9**. When going over the elements of his felon-in-possession charge, The Court explained that the Government "would have to first prove who

you are, and that in the past you had a conviction in Bayamon, felony conviction for a grave offense, and that you were sentenced to a term of imprisonment of more than one year, or that at least the conviction carried a term of imprisonment of more than one year." *Id.* at 7-8. When asked if he understood that the Government would need to prove this first element, Petitioner affirmed. *Id.* at 8. When the Court asked what the underlying felony was, Petitioner's counsel indicated that "he had a conviction for domestic violence in Bayamón" and "he also had a drug conviction." *Id.* at 8-9. Lastly, Petitioner does not state in his § 2255 motion that he didn't know he was a felon and that had he known that the Government would have to prove this, then he would have insisted on going to trial. **ECF No. 1-1**. Evidently, the record demonstrates that Petitioner knew he was a felon and as such cannot assert that he was prejudiced by the alleged *Rehaif* error. *See United States v. Torres-Rosario*, 447 F.3d 61, 67 (1st Cir. 2006) (holding that Court is "entitled to give weight to [the defendant's] assurances at his change of plea [colloquy]" absent a "good reason for disregarding them").

Furthermore, the record contradicts petitioner's proposition that the government would not be able to prove that he knew of his prior felony convictions. The presentence investigation report ("PSR") notes that on October 5-7, 2003, petitioner was convicted in Bayamón Superior Court of the following crimes that carry an imprisonment term exceeding one year: 1 count of aiming/shooting a firearm, 2 counts of carrying/using a firearm without a license, 1 count of aggravated conjugal abuse, 2 counts of conjugal threats, 1 count of possession of ammunition, and 1 count of transportation of stolen property. **Crim. No. 12-002, ECF No. 26**. Petitioner was

Case 3:19-cv-01892-ADC Document 15 Filed 06/08/22 Page 7 of 8

Civil No. 19-1892 (ADC) Page 7

sentenced on May 13, 2005, to 5 years of probation. *Id.* at 13. However, on June 10, 2010, his probationary period was revoked and sentenced *in absentia* to 5 years of imprisonment. *Id.* Moreover, the PSR notes that petitioner was convicted in Bayamón Superior Court for possession with intent to distributed controlled substances and sentenced *in absentia* on January 20, 2009, to 5 years' imprisonment. *Id.* The contents of the presentence report were discussed with and known to defendant prior to sentencing.

In sum, a review of the record reveals no reason to think that the government would have had much difficulty in offering overwhelming proof that petitioner knew that he had been convicted of offenses punishable by more than one year in prison. *See Martínez-Armestica v. United States*, 468 F. Supp. 3d 470, 479-80 (D.P.R. 2020) (*citing Burghardt*, 939 F.3d at 404)). Petitioner has not established a reasonable likelihood that he would have proceeded to trial instead of pleading guilty had he been aware of the knowledge-of-the-prohibited-status element during the plea phase because of his multiple felony convictions and lack of explanation as to how he could have been unaware of his felon status. *See Shine v. United States*, 2021 WL 503715, at *3 (D. Me. Feb. 10, 2021). Consequently, petitioner's *Rehaif* claim is procedurally defaulted, and it cannot be excused because Petitioner fails to show actual prejudice.

### III. Certificate of Appealability

Rule 11(a) of the rules governing § 2255 proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). The Court **DENIES** the COA because no such showing was made.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion. **ECF No. 1**. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of June, 2022.

                                                  **S/AIDA M. DELGADO-COLÓN**
                                                  **United States District Judge**